# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
|       Plaintiff, | |
|     v. | **Case No. 06 CR 723-2** |
| **DANNY MITCHELL,** | **Judge Harry D. Leinenweber** |
|       Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Danny Mitchell's Motions for Relief Under the First Step Act (Dkt. Nos. 246, 249, 256) are granted. Mitchell shall be immediately released from custody. His ten-year period of supervised release shall stand.

## I. BACKGROUND

In November 2006, the Government charged Mitchell and three other defendants in a multi-count indictment arising from their participation in a drug distribution scheme. Specifically, the Government charged Mitchell with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack cocaine") and an unspecified quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count One"). (Superseding Indictment, Dkt. No. 107 at 1-2.) Additional counts charged Mitchell with actual distribution of crack cocaine and

with illegal possession of firearms. (*Id.* at 3–8.) Mitchell entered a blind plea of guilty (meaning there was no written agreement with the Government) to Count One of the Indictment. (*See* Plea, Dkt. No. 151.) The Government dismissed the remaining counts against Mitchell. (Judgment, Dkt. No. 173 at 1.)

A probation officer prepared a presentence investigation report ("PSR") and supplemental report prior to sentencing that calculated Mitchell as responsible for 291 grams of crack cocaine and 3,600 grams of heroin. (PSR, Dkt No. 176 at 8.) With adjustments, Mitchell's offense level was 36, and he was in criminal history category VI. (Def.'s Sentencing Memo., Dkt. No. 164 at 3; Gov.'s Sentencing Memo., Dkt. No. 166 at 4.) With enhancements, Mitchell's statutory range was 20 years to life in prison. (PSR at 21.) Probation calculated Mitchell's advisory range as 324 to 405 months. (Def.'s Sentencing Memo. at 3; Gov.'s Sentencing Memo. at 4.) On January 13, 2009, Judge Blanche Manning sentenced Mitchell to 324 months in prison. (Judgment at 2.)

Mitchell appealed his sentence, but later voluntarily dismissed the appeal. Mitchell has been serving his sentence since October 2006. He now moves the Court to reduce his sentence pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

## II. STANDARD

In 2010, Congress passed the Fair Sentencing Act, which reduced sentencing disparities between offenses involving crack and powder cocaine. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The First Step Act effectively makes the provisions of the Fair Sentencing Act retroactive. Section 404 of the First Step Act states, in relevant part:

> (a) DEFINTION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, 132 Stat. 5194 (2018). Relief under the First Step Act is discretionary. *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")

### III. <u>DISCUSSION</u>

#### A. Eligibility

The First Step Act limits eligibility to "covered offenses": a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, committed before August 3, 2010. *See* First Step Act § 404. The various subsections of 21 U.S.C. § 841(b)(1) set forth several different minimum and maximum sentences depending on the quantity of drugs involved. When Mitchell was sentenced in 2009, "50 grams or more" of crack cocaine exposed him to a statutory range of ten years to life in prison. 21 U.S.C. § 841(b)(1)(A) (1994). Mitchell's prior drug conviction increased the ten-year statutory minimum to twenty years. *Id.*

In 2010, the Fair Sentencing Act changed the penalty structure for crack cocaine offenses. Specifically, the statutory threshold for a sentence of at least ten years and up to life in prison is now 280 grams or more of crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii) (2018). The statutory threshold for a sentence of at least five years and up to forty years is now 28 grams or more of crack cocaine. *Id.* § 841(b)(1)(B)(iii). With a prior drug conviction, ten years is the new minimum for the statutory range. *See id.* § 841(b)(1)(B). Therefore, Mitchell argues, the Fair

Sentencing Act modified the statutory penalty for § 841(b)(1), rendering his offense a covered offense under the First Step Act.

The Government lodges an argument it has made ad nauseam in other First Step Act cases before this Court, *see, e.g.*, *United States v. Young*, 97 CR 63-1, 2019 WL 6918279 (N.D. Ill. Dec. 19, 2019); *United States v. Mansoori*, 97 CR 63-9, 2019 WL 6700166 (N.D. Ill. Dec. 9, 2019); *United States v. Williams*, 402 F. Supp. 3d 442 (N.D. Ill. 2019); *United States v. Johnson*, 01 CR 543, 2019 WL 2590951 (N.D. Ill. June 24, 2019): whether an offense is covered under the First Step Act is determined by the "actual conduct involved in the defendant's violation," as opposed to the language contained in the indictment. (Gov.'s Resp. at 6, Dkt. No. 257.) According to the Government, Mitchell conspired to distribute over 291 grams of crack cocaine, a quantity that exceeds 280 grams. Thus, the Fair Sentencing Act did not modify the applicable statutory penalty, and Mitchell's "sentencing exposure would be no different today." (Gov.'s Resp. at 7.)

Supreme Court precedent dictates that drug quantities set forth in a PSR or found by a judge at sentencing cannot increase the penalty for a crime. *See, e.g.*, *Young*, 2019 WL 6918279; *Mansoori*, 2019 WL 670016; *Williams*, 402 F. Supp. 3d 442; *Johnson*, 2019 WL 2590951. With limited exception, any fact that enhances a statutory penalty must be proven beyond a reasonable doubt:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne v. United States*, 570 U.S. 99, 103 (2013) (internal citation omitted); *see also Apprendi v. New Jersey*, 530 U.S. 466, 476–79 (2000). Then, the quantity of drugs set forth in the PSR cannot have the effect of increasing the penalty for Mitchell's crime. Only quantities charged in the indictment and either expressly proven to a jury beyond a reasonable doubt or admitted in a guilty plea can have such an effect. *See Williams*, 402 F. Supp. 3d at 449. It is the statute of conviction—and specific drug quantities found beyond a reasonable doubt or admitted in a guilty plea—that controls eligibility under the First Step Act, not "actual conduct." *See id.; United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019); *United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *3 (N.D. Ill. June 20, 2019).

The Government represents that, "[t]he district court found for sentencing purposes that the quantity of crack cocaine involved in Mitchell's offense was 291 grams. . . ." (Gov.'s Resp. at 7.) The Government presumably drew this factual assertion from the PSR, which Judge Manning referenced to calculate the offense for

sentencing. But the PSR does not control for sentencing purposes. Count One of the Indictment only charged Mitchell with conspiring to distribute "50 grams or more" of crack cocaine, and, most importantly, Mitchell never admitted to a *specific* drug quantity above 50 grams. (*See* Superseding Indictment at 1–2; Plea at ¶ 3.) As to Count One, Mitchell admitted to conspiring to distribute "50 grams or more" of crack cocaine. (*Id.*) The "or more" piece of Mitchell's guilty plea does not sway the Court toward the Government's position. "Or more" is an amorphous term that could mean 50.1 grams or 500 grams. It not a *specific* quantity found beyond a reasonable doubt or admitted to in a guilty plea. *See Williams*, 402 F. Supp. 3d at 449. There is no way of knowing what "or more" means, and the Court declines to speculate for sentencing purposes. Thus, 50 grams—the specific quantity charged in Count One of the Indictment and the specific quantity admitted to in Mitchell's guilty plea—controls.

The Government never indicted Mitchell on a specific quantity of crack cocaine above 50 grams, nor did Mitchell admit to a specific quantity of crack cocaine above 50 grams. Consequently, the Government's argument regarding Mitchell's "actual conduct" fails. Mitchell's conspiracy conviction is a covered offense under the First Step Act.

## B. Discretion

The Government argues that the Court should not exercise its discretion under the First Step Act to lower Mitchell's sentence for two reasons: (1) based on the amount of heroin listed in Mitchell's PSR as his apparent responsibility, he has the same base offense level that, when enhanced, places him within the same guidelines range today as in 2009; and (2) resentencing Mitchell would result in an unwarranted sentencing disparity among similarly situated offenders.

The Government's first point is a variation of the previously rejected "actual conduct" argument. As this Court has said many times before, only quantities charged in the indictment and either expressly proven to a jury beyond a reasonable doubt or admitted in a guilty plea can increase the penalty for a crime. *See id.* Just as he never admitted to conspiring to distribute 280 grams of crack cocaine, Mitchell never admitted to conspiring to distribute 3,600 grams of heroin. In fact, the offense calculations in Mitchell's plea declaration (to which Mitchell did not expressly admit) list Mitchell as responsible for "approximately 2 1 gams [sic] of heroin." (Plea at ¶ 8.a.) Discrepancies such as this are precisely why a defendant cannot be held liable for drug quantities that were not expressly proven beyond a reasonable doubt or explicitly admitted to in a guilty plea. The facts are clear. The

Government never indicted Mitchell on a specific quantity of heroin nor did Mitchell admit to possessing or distributing a specific quantity of heroin. The Government cannot now pluck an amount from the PSR and deploy it to preclude Mitchell from obtaining a First Step Act sentence reduction.

Second, the Government advances a policy argument that reducing Mitchell's sentence "would give Mitchell the opportunity for a sentence unavailable to any defendant sentenced today for comparable criminal conduct." (Gov.'s Resp. at 10.) The Government's theory is based on the following:

> [T]he government . . . previously charged defendants . . . with 50 grams of crack cocaine *because* that was all that was required to meet the threshold for the 10-year mandatory minimum. Now, the government says, it would charge those similarly situated defendants with 280 grams—the new threshold for the 10-year minimum. Because the government charged defendants in [this] position with 50 grams of crack cocaine, but now charges them with 280 grams, defendants who were sentenced under the old regime get an unfair chance at sentences even lower than current defendants whose conduct is factually identical.

*Williams*, 402 F. Supp. 3d at 448–49 (internal citations omitted) (emphasis in original). But, "the court has no reason to assume that any defendant could have been indicted on a greater drug quantity." *United States v. Cross*, 397 F. Supp. 3d 1184, 1189 (N.D. Ill. 2019). Importantly, nothing mandates a sentence reduction under the First Step Act for defendants found to have conspired to

distribute large drug quantities. *See id.; see also* First Step Act § 404(c). The key here is a finding or admission as to those specific drug quantities. PSRs and judicial factfinding are still vital to the "sentencing process—just not for setting mandatory minimums and statutory maxima." *Williams*, 402 F. Supp. 2d at 449 (citing *Alleyne*, 570 U.S. at 116). Mitchell asks the Court to adjust his sentence in alignment with the modern threshold for an admission of conspiring to distribute "50 grams or more" of crack cocaine.

To determine whether a sentence reduction is warranted for a First Step Act-eligible defendant, the court considers the § 3553(a) factors. *Cross*, 397 F. Supp. 3d at 1189. Evidence of post-sentencing rehabilitation "may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011). For example, post-sentencing rehabilitation may be relevant to "the history and characteristics of the defendant," the need to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training." *Id.* (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(b)-(D)).

While in prison, Mitchell has taken consistent efforts to better himself and remain productive. Mitchell submitted a long record of programming in which he has participated, including: GED courses that are expected to result in a May 2020 diploma, psychological, drug, and health treatment programs, parenting courses, and vocational training. (*See* Def.'s First Mot., Dkt. No. 246 at 13–38; Reply, Dkt. No. 258 at Ex. 1.) Mitchell has no loss of good time. (Def.'s First Mot. at 11–12.) Mitchell also submitted letters from his grandmother, aunt, and three of his children as evidence of a strong familial support system that would benefit from his presence. (Def.'s Am. Mot., Dkt. No. 256 at 7–8; Reply at Ex. 4.) Upon his release, Mitchell has an offer of employment in a family friend's restaurant. (Reply at Ex. 3.) Mitchell also expresses a strong interest in starting a non-profit for "at-risk" youth in Chicago and in working with community policing services and aldermen to reduce drug addiction and crime upon his release. (*Id.* at Ex. 2.)

Mitchell's post-incarceration conduct assures the Court that his history and characteristics no longer call for imprisonment. 18 U.S.C. § 3553(a)(1). The Court is optimistic that Mitchell had been adequately deterred and can lead a law-abiding life upon release. *See Pepper*, 562 U.S. at 491 ("In assessing . . . deterrence, protection of the public and rehabilitation . . . there

would seem to be no better evidence than a defendant's post-incarceration conduct.") (citation omitted). Mitchell is now 43 years old, an age at which recidivism is far less likely.

The Court now turns to what sentence is appropriate. As explained above, the indictment must allege, and the defendant must admit, that the offense involves the requisite threshold quantity before a court may sentence a defendant to the terms authorized in § 841(b)(1). *See Apprendi*, 530 U.S. at 476–79. Mitchell admitted to conspiring to distribute "50 grams or more" of crack cocaine under Count One. (Plea at ¶ 3.) Thus, the minimum sentence is ten years for a defendant, like Mitchell, with a prior drug conviction. 21 U.S.C. § 841(b)(1)(B). Although *Apprendi* and *Alleyne* are not strictly "retroactive" via the First Step Act, Congress would not have expected federal courts to impose mandatory minimums based solely on ranges in a PSR referenced at sentencing. *See Williams*, 402 F. Supp. 3d at 448. Therefore, applying the logic of *Apprendi* and § 841(b)(1)(B), the Court reduces Mitchell's sentence for his conspiracy conviction on Count One from twenty-seven years to fourteen years. Thus, Mitchell's sentence is effectively converted to time served. The Court leaves intact all other terms of Mitchell's criminal judgment, including the ten-year term of supervised release.

## IV. CONCLUSION

For the reasons stated herein, Mitchell's Motions for Relief Under the First Step Act (Dkt. Nos. 246, 249, 256) are granted. The Court reduces Mitchell's sentence to time served. Therefore, Mitchell is eligible for immediate release.

**IT IS SO ORDERED.**

								     Harry D. Leinenweber, Judge
								     United States District Court

Dated: 3/9/2020